Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CRISTA IRENE BRANDES and FRANCISCO
MIGUEL MOLINARI,

           Plaintiffs,

    -against-

THE REPUBLIC OF ARGENTINA,

           Defendant.
------------------------------------------------------------------- x

08 CV____ (TPG)

**COMPLAINT**

Plaintiffs, by their attorneys, Dreier LLP, for their Complaint allege as follows:

**The Parties**

1. Plaintiffs Crista Irene Brandes and Francisco Miguel Molinari (together, "Brandes") are citizens defendant The Republic of Argentina (the "Republic"). Brandes acquired a certain bonds, ISIN Nos. US040114GD65, US040114AR16 and US040114GG96 issued by the Republic pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 Fiscal Agency Agreement"), in the principal amounts of $607,000, $500,000 and $1,100,000 respectively. A copy of the 1994 Fiscal Agency Agreement is annexed hereto as Exhibit A.

{00374135.DOC;}

2. Brandes also acquired a certain bond, ISIN No. US040114AH34, issued by the Republic pursuant to a Fiscal Agency Agreement, dated as of December 10, 1993 (the "1993 Fiscal Agency Agreement"), in the principal amount of $300,000. A copy of the 1993 Fiscal Agency Agreement and Exhibit 1 thereto are annexed hereto as Exhibits B and C, respectively.

3. Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

### Jurisdiction

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

5. Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

### COUNT ONE

6. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 and 3-5 as if set forth here at length.

7. As set forth above, plaintiff Brandes acquired certain bonds issued by the Republic to the 1994 Fiscal Agency Agreement (the "1994 Bonds") and continues to own those bonds.

8. Pursuant to Section 22 of the 1994 Fiscal Agency Agreement, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

9. Pursuant to Section 12 of the 1994 Fiscal Agency Agreement, the following, *inter alia*, are defined as "Events of Default:"

 (a) Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or

 (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

10. Paragraph 12 of the 1994 Fiscal Agency Agreement further provides that following either of the foregoing Events of Default, a note holder, *i.e.*, plaintiff Brandes, may give the Republic written notice and declare "the principal amount of such Securities by it to be due and payable immediately," together with all accrued interest.

11. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the 1994 Bonds.

12. By reason of the foregoing, there has been an Event of Default on the 1994 Bonds, and the Republic is in breach of its obligations under the 1994 Fiscal Agency Agreement.

13. In accordance with paragraph 12 of the 1994 Fiscal Agency Agreement, by letter dated July 24, 2008, plaintiff Brandes provided the Republic with written notice declaring the principal and interest on the 1994 Bonds to be due and payable immediately.

14. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest to plaintiff Brandes.

15. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiff Brandes and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT TWO

16. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 2-5 as if set forth here at length.

17. As set forth above, plaintiff Brandes acquired certain bonds issued by the Republic pursuant to the 1993 Fiscal Agency Agreement (the "1993 Bonds") and continues to own those bonds.

18. Pursuant to Section 20 of the 1993 Fiscal Agency Agreement, the Republic: (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

19. Pursuant to the "Form of the Global Bond," which is annexed as Exhibit 1 to the 1993 Fiscal Agency Agreement (the "1993 Bond Form"), the following, *inter alia*, are defined as "Events of Default":

> (a) the Republic fails to pay any principal of any of the Bonds when due and payable or fails to pay any interest on any of the Bonds when due and payable and such failure continues for a period of 30 days; or
>
> (d) a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

1993 Bond Form at pp. 7-8.

20. The 1993 Bond Form further provides that following either of the foregoing Events of Default, a note holder, *i.e.*, plaintiff Brandes, may give the Republic written notice and declare "the principal amount of the Bonds to be due and payable immediately," together with all accrued interest. *See* 1993 Bond Form at p. 8.

21. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the 1993 Bonds.

22. In accordance with the first paragraph contained on page 8 of the 1993 Bond Form, by letter dated July 24, 2008, plaintiff Brandes, provided the Republic with written notice that it was declaring the principal and interest on the 1993 Bonds to be due and payable immediately.

23. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest to plaintiff Brandes.

24. By reason of the foregoing, there has been an Event of Default on the 1993 Bonds, and the Republic is in breach of its obligations to plaintiff Brandes and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, plaintiffs demand judgment as follows:

i. On Count One, awarding plaintiff Brandes damages against the Republic in an amount to be determined at trial, plus interest;

ii. On Count Two, awarding plaintiff Brandes damages against the Republic in an amount to be determined at trial, plus interest;

iii. Awarding plaintiffs their costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
       July 24, 2008

**DREIER LLP**

By: _/s/ Marc S. Dreier_
Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*